UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RIMCO, INC., | ) |
| d/b/a IDAHO WRECKER SALES, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) Case No. 3:21-cv-313 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| DUAL-TECH, INC., | ) Magistrate Judge Jill E. McCook |
| | ) |
| *Defendant.* | ) |
| | ) |
| DUAL-TECH, INC., | ) |
| | ) |
| *Counter-Claimant,* | ) |
| RIMCO, INC., | ) |
| d/b/a IDAHO WRECKER SALES, | ) |
| | ) |
| *Counter-Defendant.* | ) |

## **M E M O R A N D U M**

Before the Court is a motion for partial summary judgment by Defendant Dual-Tech, Inc. ("Dual-Tech") requesting that the Court determine the relevant patent's priority date and find the patent invalid. (Doc. 22.) Plaintiff Rimco, Inc. ("Rimco") has filed its response in opposition (Doc. 22), and Dual-Tech has replied (Doc. 23). For the reasons articulated below, the Court will deny Dual-Tech's motion for partial summary judgment.

### I. **BACKGROUND**[1]

Rimco is a company that designs and manufactures tow trucks and towing equipment and distributes trailers and motor coaches. (Doc. 1 ¶ 7.) It owns unexpired U.S. Patent No. 8,192,135

---

[1] As required, this Court accepts undisputed facts as true. In deciding a motion for summary judgment as to which the parties dispute any material facts, the Court must view the disputed evidence in the light most favorable to the party responding to the motion—here,

(the "'135 Patent"), titled "Side Puller Accessory Frame For A Car Carrier And For A Tow Truck." (*Id.*) The '135 Patent covers devices carried by recovery vehicles (*e.g.*, tow trucks) that are capable of recovering disabled vehicles located on either side of the recovery vehicle. (*Id.*) Rimco alleges the '135 Patent provides the recovery-vehicle operator with multiple angles of pulling power while reducing the number of lanes of traffic needed to recover a disabled vehicle. (*Id.*) Rimco manufactures its "In The Ditch® SidePuller™" products using its '135 Patent; its Series SP8500, SP9000, SP12,000, and SP20,000 In The Ditch® SidePuller™ products are all marked with the '135 Patent. (*Id.*)

On August 31, 2021, Rimco filed suit against Dual-Tech alleging two claims. (*Id.*) First, Rimco alleges Dual-Tech willfully infringed Rimco's '135 Patent by filing for its own patent, U.S. Patent No. 9,555,733 (the "'733 Patent"). (*Id.* ¶ 8.) Rimco alleges that Dual-Tech was aware of Rimco's '135 Patent because the patent examiner cited the '135 Patent as a primary prior art reference for the '733 Patent, which formed the basis of an obviousness rejection. (*Id.*) Accordingly, Rimco alleges that since at least June 2, 2015, Dual-Tech has been willfully infringing the '135 Patent by not stopping its manufacture and sale of its infringing devices. (*Id.* ¶¶ 8, 10.) Second, Rimco alleges that Dual-Tech is infringing Rimco's common-law mark, "SidePuller™," used to identify the goods made under Rimco's '135 Patent. (*Id.* ¶ 9.) Rimco has been using the unregistered "SidePuller™" mark to advertise its In the Ditch® product line since 2004. (*Id.*) Rimco argues that Dual-Tech intentionally used its "Sidepuller" word mark to pass off its products as Rimco's because "side puller" is neither generic nor "merely descriptive of the device itself," given that another competitor's version of the product is called a "Side Recovery

Plaintiff—and draw all reasonable inferences in that party's favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

System," or "SRS," and not a "side puller." (*Id.*) Furthermore, Rimco alleges that Dual-Tech intentionally stylized "Sidepuller" to be the same as Rimco's SidePuller™ mark by removing the space in between the words "side" and "puller." (*Id.*) Pursuant to 35 U.S.C. § 271, Rimco seeks damages and a permanent injunction because of Dual-Tech's alleged patent infringement of Rimco's '135 Patent (i*d.* ¶¶ 13–18), and pursuant to 15 U.S.C. § 1125(a)(1), Rimco seeks a permanent injunction of Dual-Tech's use of its "Sidepuller" mark. (*Id.* ¶¶ 19–24.)

Dual-Tech subsequently filed a counterclaim against Rimco seeking a declaratory judgment that the '135 Patent is invalid under 35 U.S.C. §§ 102, 103. (Doc. 14 ¶¶ 8, 13.) Dual-Tech argues that Rimco's own prior sales rendered the '135 Patent invalid, Rimco's prior patent applications are prior art, and the '135 Patent "would have been obvious to one of ordinary skill in the art at the time of the invention." (*Id.* ¶ 13.)

On November 20, 2021, Dual-Tech filed a motion for partial summary judgment requesting that the Court determine the '135 Patent's priority date and find it invalid. (Doc. 19.) The '135 Patent has a purportedly claimed priority date of May 6, 2011. (*Id.* at 2.) Dual-Tech argued that because Rimco had been selling the patented invention since 2004, the sales between 2004 and May 6, 2011, are invalidating sales under 35 U.S.C. § 102(b). (*Id.*) These sales would render the '135 Patent invalid because the claimed invention was on sale at least one year before the priority date. (*Id.*) In response, Rimco states that it filed a certificate of correction and related petition papers with the U.S. Patent and Trademark Office ("USPTO") to correct the '135 Patent's priority date from May 6, 2011, to May 15, 2003, which would refute Dual-Tech's argument about invalidating intervening sales. (Doc. 22 at 2.) Dual-Tech then replied that it had stopped offering the infringing products, so there is no longer an infringement claim, and requested that the Court find the '135 Patent invalid until a certificate of correction is issued. (Doc. 23 at 2.) It also argued

3

that "if a patentee seeks a correction during the case, all claims for pre-correction infringement are waived and the patent-in-suit is to be declared invalid." (*Id.*)

On April 26, 2022, Rimco filed a supplemental statement pursuant to Local Rule 7.1(d) containing a certificate of correction with a revised priority date of May 15, 2003, for the '135 Patent. (Doc. 33.) Rimco argues that the certificate of correction renders Dual-Tech's motion for partial summary judgment moot. (*Id.* at 1.) In response, Dual-Tech again argues that Rimco's certificate of correction limits Rimco's infringement claims to alleged infringement that occurred after the certificate was issued, so Rimco cannot rely on it for the alleged infringing activity that occurred before its issuance on April 22, 2022. (*Id.* at 2.)

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga,* No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine

whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the nonmoving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmovant based on the record, the Court should grant summary judgment. *Id*. at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### III. DISCUSSION

Dual-Tech raises two arguments in its motion for partial summary judgment and its response to Rimco's supplemental brief to Dual-Tech's motion for partial summary judgment. The Court will address each in turn.

#### A. Validity of the '135 Patent

Dual-Tech argues that the '135 Patent is invalid under 35 U.S.C. § 102(b) because Rimco sold the invention more than one year before the priority date of May 6, 2011. (Doc. 19 at 4.) Rimco subsequently sought and obtained a certificate of correction from the USPTO that determined that the '135 Patent has a priority date of May 15, 2003, which nullifies Dual-Tech's argument about intervening sales. (Doc. 22 at 2.) Dual-Tech does not dispute the validity of the certificate of correction establishing the May 15, 2003, priority date. (*See id.*) Dual-Tech now states that Rimco can only allege claims of infringement that occurred after the certificate of

5

Case 3:21-cv-00313-CLC-JEM   Document 43   Filed 09/28/22   Page 5 of 8   PageID #: 393

correction issued and so Rimco is no longer able to maintain a claim of patent infringement. (Doc. 23 at 5.) Rimco has not engaged with this argument.

The Court agrees with Dual-Tech that Rimco can only allege that Dual-Tech infringed its '135 Patent after the certificate of correction was issued on April 22, 2022. In *Southwest Software, Inc. v. Harlequin, Inc.*, 226 F.3d 1280, 1294 (Fed. Cir. 2000), the seminal case on this issue, the Court of Appeals for the Federal Circuit held that the "certificate of correction is only effective for causes of action arising after it was issued." And the Federal Circuit reiterated this in *E.I. du Pont de Nemours & Co. v. MacDermid Printing Solutions, LLC*, 525 F.3d 1353, 1362 (Fed. Cir. 2008), where it stated that only the defendant's future conduct, namely the prospective infringement happening after the issuance of the certificate of correction, is at issue for a preliminary injunction motion. But this does not mean that Rimco's patent infringement claims must fail, only that Rimco can only state or assert claims for infringement that occur after the certificate of correction was issued on April 22, 2022.

## B. Infringing Sales After the Issuance of the Certificate of Correction

Although Rimco cannot assert claims for patent infringement that arose prior to the issuance of the certificate of correction, it can assert claims that arose after the certificate of correction. With the facts taken in the light most favorable to the nonmoving party, Rimco, the Court finds there still is a genuine issue of material fact as to whether Dual-Tech was marketing or selling the infringing products after the certificate of correction issued on April 22, 2022. Rimco provided screenshots of Dual-Tech's website that were taken at 9:50 p.m.[2] on May 4, 2022,

---

[2] The screenshots' timestamps do not indicate the time zone for when the screenshots were taken. The screenshots were taken in the range of 9:50 p.m. to 9:53 p.m. (Doc. 36-1 at 33, 34, 35, 36.) Plaintiff's attorney, Michael Mazza, is based in California, so the screenshots could have been taken at 12:50 to 12:53 a.m. Eastern Time, which would mean they were taken on May 5, 2022, in the Eastern Time Zone. But at this stage of the proceeding, it is immaterial which day

6

showing that Dual-Tech was still marketing and selling one of the allegedly infringing products. (Doc. 36-1 at 33–36.) There is a webpage with a photo, description, and brief summary of the features of the Dual-Tech 1640 Low Profile Carrier. (*Id.* at 33.) One of the screenshots illustrates the "Request a Quote" popup that appears presumably when the viewer of the website selects the "Request a Quote" button that is at the end of the box listing the optional equipment for the 1640 Series. (*Id.* at 34, 35.) Finally, there is a screenshot for the "SL40 Brochure," which prominently states, "DUAL-TECH SIDEPULLER." (*Id.* at 36.) The brochure is presumably available when the viewer of the website selects the "View/Download Brochure" button that is at the end of the box listing the optional equipment for the 1640 Series, next to the "Request a Quote" button. (*Id.* at 34.) These screenshots support Rimco's claims of trademark and patent infringement because they strongly indicate that Dual-Tech was still advertising its "Sidepuller" product, which allegedly infringes Rimco's SidePuller™ mark and '135 Patent, on May 4, 2022.

Because there is a genuine question of material fact as to whether Dual-Tech actually stopped making, selling, or offering the infringing products after April 22, 2022, the Court cannot

---

they were taken (*i.e.*, whether May 4, 2022, or May 5, 2022) because both May 4, 2022, and May 5, 2022, are after the date the certificate of correction issued.

7

Case 3:21-cv-00313-CLC-JEM   Document 43   Filed 09/28/22   Page 7 of 8   PageID #: 395

address Rimco's patent and trademark infringement claims as a matter of law. Accordingly, Dual-Tech cannot prevail in its motion for partial summary judgment on the validity of the '135 Patent.

## IV. CONCLUSION

For the foregoing reasons, the Court will **DENY IN PART** and **GRANT IN PART** Dual-Tech's motion for partial summary judgment (Doc. 22).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**