UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RIMCO, INC., d/b/a IDAHO WRECKER SALES, <br> *Plaintiff*, <br> v. <br> DUAL-TECH, INC., <br> *Defendant.* <br> ─────────────────────── <br> DUAL-TECH, INC., <br> *Counter-Claimant,* <br> v. <br> RIMCO, INC., d/b/a IDAHO WRECKER SALES, <br> *Counter-Defendant.* | Case No. 3:21-cv-313 <br> Judge Curtis L. Collier <br> Magistrate Judge Jill E. McCook |

**M E M O R A N D U M**

Before the Court is Plaintiff's motion to dismiss all claims in this case without prejudice and to stay discovery during the pendency of this motion (Doc. 51). Defendant responded in opposition (Doc. 55), and Plaintiff replied (Doc. 57). Also before the Court is Plaintiff's motion for reconsideration of the Court's November 11, 2022, Order granting Plaintiff leave to file its first amended complaint and altering the deadlines in this case (Doc. 63). Defendant responded in opposition (Doc. 67), and Plaintiff replied (Doc. 69). The matter is now ripe for review.

**I.    BACKGROUND**

This case involves patent and trademark infringement claims. (Doc. 14 at 5.) Plaintiff and Counter-Defendant, Rimco, Inc., asserts a claim of patent infringement and a claim of common

law trademark infringement against Defendant and Counter-Claimant, Dual-Tech, Inc. (Doc. 46-2 at 8–9.) Defendant and Counter-Claimant, Dual-Tech, Inc., asserts a counterclaim against Plaintiff and Counter-Defendant, Rimco, Inc., for declaratory judgments of patent invalidity and noninfringement. (*Id.* at 11.)

On September 28, 2022, the Court granted in part Defendant's motion for partial summary judgment, holding that Plaintiff's patent is valid and its effective date, the date the certificate of correction issued, is April 22, 2022. (Doc. 43 at 6.) As a result, Plaintiff can only assert claims for infringement occurring after April 22, 2022. (*Id.*) The Court also concluded that there was a genuine question of material fact as to whether Defendant was offering the allegedly infringing product for sale, as illustrated by screenshots captured on May 4, 2022, of Defendant's website advertising the product. (*Id.* at 7.)

On October 19, 2022, invoking Federal Rule of Civil Procedure 41(a)(2), Plaintiff filed a "motion to dismiss all claims in this case, without prejudice, and to stay discovery during the pendency of this motion." (Doc. 51.) Plaintiff argues, "[T]here is no current case or controversy to litigate, and all claims in this case, including [Defendant's] counterclaim, should be dismissed without prejudice, with the parties bearing their own attorney fees and costs." (*Id.* at 2.) In support of this request, Plaintiff submits a notice of its covenant not to sue Defendant for alleged trademark or patent infringement "based on" or "in direct connection with the Erroneous May, [sic] 2022 Offer"[1] or any infringement that occurred before April 22, 2022. (Doc. 54 at 2.) Plaintiff further requests a stay of discovery for the sake of efficiency. (Doc. 51 at 3.)

---

[1] This offer refers to Defendant's website activity captured in Plaintiff's May 4, 2022, screenshots. (Doc. 51 at 2 n.2.)

Defendant responds, "[D]espite [Plaintiff] bringing this action and forcing [Defendant] to expend considerable sums of money and time defending against the claims, obtaining a favorable ruling on partial summary judgment, [Plaintiff] simply wants to walk away as if nothing happened." (Doc. 55 at 4.) Defendant argues that if the Court were to grant Plaintiff's motion, the dismissal should be with prejudice, or the Court should award Defendant reasonable attorney fees and costs. (*Id.*) Defendant further argues that there remains a case or controversy because the unresolved infringement claims subject Defendant and its customers to a "real and imminent threat" of suit. (*Id.* at 5.) Defendant also argues that Plaintiff's covenant not to sue does not divest the Court of subject-matter jurisdiction because it is not unconditional. (*Id.* at 7.) Therefore, Defendant argues, Plaintiff's motion to dismiss lacks a legal basis and discovery should not be stayed. (*Id.* at 8.)

Plaintiff replies that its covenant not to sue "eliminate[s] any current case of patent or trademark infringement that [Plaintiff] can pursue against [Defendant]," thus resolving the dispute because there is no case or controversy for the Court to review. (Doc. 57 at 5.) Plaintiff further argues that if the Court declines to grant its motion, Plaintiff "will be stuck trying a case *with no infringement or damages*, while [Defendant] gets a risk-free 'advisory' ruling as to its [declaratory judgment] counterclaim." (*Id.* (emphasis in original).) Plaintiff reiterates its demand that the case be dismissed without prejudice because "there is no longer any case or controversy involving [its] patent and trademark claims." (*Id.* at 3.)

On October 7, 2022, the parties filed joint motions for leave to file Plaintiff's first amended complaint and for an extension of time to complete discovery. (Doc. 46.) In support of their motion for leave, the parties stated that Defendant began offering for sale a new product, the Lateral Retriever, that Plaintiff believed infringed its patent, so they requested that Plaintiff be

3

granted leave to file its first amended complaint to adjudicate the issue of whether Defendant's Lateral Retriever infringed Plaintiff's patent. (*Id.* at 1.) In support of their motion to extend fact discovery, they explained additional time was needed for fact discovery regarding the new allegedly infringing product, including written discovery and depositions. (*Id.* at 2.) They requested a fact discovery deadline of January 26, 2023; an expert-disclosure deadline of March 2, 2023, for Plaintiff; and an expert-disclosure deadline of April 2, 2023, for Defendant. (*Id.* at 3.) On November 10, 2022, the Court granted the parties' joint motions, with the amended scheduling order reflecting the parties' requested dates. (Doc. 62.)

On November 11, 2022, Plaintiff filed a motion for reconsideration of the Court's November 10, 2022, Order granting it leave to file its first amended complaint and altering the case schedule. (Doc. 63 at 2.) Plaintiff argues, "As shown in [Plaintiff's] briefing concerning its Motion to Dismiss (*id.*), there is no case or controversy to warrant the filing of the amended complaint, and this case should be dismissed." (*Id.* at 1.)

Defendant responded in opposition, arguing, "Nothing has changed in the parties' accusations and allegations other than [Plaintiff's] hope to recover monetary compensation. The Court's subject[-]matter jurisdiction is based on a federal question and is not contingent on monetary damages." (Doc. 67 at 6.)

Plaintiff replied to argue that "there are zero damages," so there is no continuing case or controversy. (Doc. 69 at 2.) Plaintiff contends that its covenant not to sue "firmly lays to rest [Defendant's] claim that simply by [Defendant] 'making' the 'Lateral Retriever,' there is an ongoing 'case or controversy.'" (*Id.*) Plaintiff argues that its covenant not to sue "ends any trademark infringement claim that [Plaintiff] can make." (*Id.* at n.2.)

In sum, Plaintiff seeks to dismiss the action—including Defendant's counterclaim for a declaratory judgment—without prejudice, and Defendant opposes it.

## II. DISCUSSION

### A. Plaintiff's Motion to Dismiss All Claims in This Case Without Prejudice

Voluntary dismissal of an action is governed by Rule 41(a) of the Federal Rules of Civil Procedure, which in relevant part provides:

> [A]n action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2). "Whether a dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

A court's primary consideration in assessing a request under Rule 41(a)(2) is to protect the nonmoving party from unfair treatment. *Grover*, 33 F.3d at 718. That protection is needed when the nonmovant will suffer "some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* In assessing whether "plain legal prejudice" is apt to occur, a court considers the following factors: (1) the amount of time, effort, and expense the defendant has incurred in trial preparation; (2) any "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) the sufficiency of the plaintiff's explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment. *Id.* (citations omitted). These factors are merely a guide, not an exclusive or mandatory list, and the plaintiff need not prevail on all of them; nor is the district court required to make any findings on the sufficiency of the

5

plaintiff's explanation for dismissal. *Rosenthal v. Bridgestone/Firestone*, 217 F. App'x 498, 502 (6th Cir. 2007) (internal quotation marks and citation omitted).

For the first factor, Defendant submits that it has expended "considerable sums of money and time defending against the claims." (Doc. 55 at 4.) Defendant has expended significant time and effort litigating this action; it has engaged in voluminous discovery, filed several motions, and engaged in lengthy settlement discussions with Plaintiff. (*See* Docs. 51-3, 51-4, 51-5, 51-6, 53.) This case is in its final stages, having been filed on August 31, 2021, with a trial scheduled for September 5, 2023. (Docs. 1, 62.) This factor heavily weighs in favor of denying Plaintiff's motion for voluntary dismissal.

For the second factor, Plaintiff has provided no argument or evidence regarding its diligence in prosecuting this action. But on October 26, 2022, Defendant filed a motion to compel Plaintiff's corporate representative to appear at the scheduled deposition. (Doc. 56.) Defendant explains that Plaintiff e-mailed Defendant in the afternoon on the day prior to the scheduled deposition stating that it would not present any witnesses at the deposition, citing the instant motion to dismiss and to stay discovery. (*Id.* at 1–2.) However, Plaintiff did not seek an expedited ruling on the motion, the Court did not rule on the motion before the deposition, and Plaintiff has not provided alternative dates for this deposition. (*Id.* at 2.) Defendant submits it "cannot adequately prepare this case for trial or prepare the expert reports due to [Plaintiff's] unilateral decision to not participate in discovery." (*Id.*) Based on Plaintiff's conduct during discovery, as demonstrated by this incident, the Court finds that Plaintiff caused delay and lacked diligence in prosecuting this action. This factor heavily weighs in favor of denying Plaintiff's motion for voluntary dismissal.

6

For the third factor, the Court finds Plaintiff's proffered reason for dismissal to be insufficient. Plaintiff's purported covenant not to sue Defendant does not, as Plaintiff argues, deprive this Court of subject-matter jurisdiction over the action. Plaintiff covenants not to sue Defendant for any infringement "that occurred before April 22, 2022[,] or in direct connection with the Erroneous May, 2022 Offer." (Doc. 54 at 2.) "The Federal Circuit has stated that for a declaratory judgment to survive such a promise by the patentee, the 'putative infringer's "*present activity*" [must] place it as risk of infringement activity." *Taylor Brands, LLC v. SOG Specialty Knives, Inc.*, 2008 WL 413625, at *2 (quoting *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995) (emphasis in original)). Plaintiff's covenant not to sue continues to expose Defendant to the risk of suit because it only promises not to sue Defendant for alleged infringement prior to the patent's effective date of April 22, 2022, and in connection with the May 2022 website offer, which was documented in screenshots Plaintiff submitted. It is not an unconditional covenant not to sue. Therefore, the controversy remains active. This factor weighs in favor of denying Plaintiff's motion for voluntary dismissal.

For the fourth factor, there is no summary-judgment motion pending. Defendant had filed a motion for partial summary judgment (Doc. 19), which the Court granted in part and denied in part (Doc. 44). The Court is unaware of case law evaluating this factor when a summary-judgment motion has been filed and decided. The fourth factor considers "whether a motion for summary judgment has been filed by the defendant," which suggests it weighs in favor of denying a motion to dismiss even when the summary-judgment motion is no longer pending. *See Grover*, 33 F.3d at 718; see also *Fawns v. Ratcliff*, 117 F.3d 1420 (Table), 1997 WL 377025, at *3 (6th Cir. July 3, 1997) (holding district court did not abuse its discretion in denying Rule 41(a)(2) motion where "one defendant had already been granted summary judgment"). Thus, this factor is, at best, neutral.

7

In sum, all but one of the *Grover* factors weigh in favor of denying Plaintiff's motion for voluntary dismissal. Defendant has demonstrated that dismissal would result in plain legal prejudice. Therefore, the Court declines to dismiss Plaintiff's case without prejudice.

### B. Plaintiff's Motion for Reconsideration

Plaintiff's motion for reconsideration of the Court's November 11, 2022, Order granting it leave to file its first amended complaint and amending the scheduling order rests on the same argument as its motion to dismiss, which Plaintiff acknowledges in the motion. (Doc. 63 at 1 ("As shown in [Plaintiff's] briefing concerning its [motion to dismiss], there is no case or controversy to warrant the filing of the amended complaint.").) As discussed earlier, the Court disagrees with Plaintiff's contention that no active case or controversy remains. Accordingly, the Court will deny Plaintiff's motion for reconsideration.

### III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's motion to dismiss all claims in this case without prejudice (Doc. 51). The Court will **DENY** Plaintiff's first motion for reconsideration (Doc. 63).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**